UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT A. CARNELL, | |
| Petitioner, | |
| v. | Civil No. 23-cv-3198-JPG |
| UNITED STATES OF AMERICA, | Criminal No 18-cr-40066-JPG |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Scott A. Carnell's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

**I.    Background**

In November 2018, the petitioner pled guilty to one count of conspiring to distribute more than 50 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a), (b)(1)(B) and 846. Using the U.S. Sentencing Guidelines ("U.S.S.G.") base offense levels for methamphetamine "ice," the Court sentenced the petitioner to serve 192 months in prison. The petitioner appealed his sentence to the United States Court of Appeals for the Seventh Circuit, which in August 2020 reversed the Court's judgment. *United States v. Carnell*, 972 F.3d 932 (7th Cir. 2020). The Court of Appeals held that the Court should have sentenced Carnell based the U.S.S.G. base offense levels for a "mixture and substance containing methamphetamine" rather than those for "ice" because the Government had not proved the methamphetamine was of the purity to be considered "ice." *See id.* at 943.

In June 2021, the Court resentenced Carnell using a guideline calculation founded on the "mixture and substance methamphetamine" base offense levels. It sentenced him to serve 165 months in prison. Carnell again appealed, and this time the Court of Appeals affirmed his

sentence. *United States v. Carnell*, 35 F.4th 1092 (7th Cir. 2022). It issued that decision on June 2, 2022. The petitioner did not seek a writ of *certiorari* from the U.S. Supreme Court.

In his § 2255 motion, the petitioner raises the following claims:

Ground 1: ineffective assistance of counsel in violation of the Sixth Amendment because counsel coerced him into (1) pleading guilty by misrepresenting the potential sentence and (2) waiving objection to the Presentence Investigation Report's finding of relevant conduct by inaccurately and without foundation threatening a longer sentence if he did not waive his objection; and

Ground 2: a claim that, at the Government's improper urging, the Court went beyond the scope of the remand to recalculated Carnell's criminal history at the resentencing and by "verbally attacking" him.

A close examination of the envelope containing Carnell's original motion shows a postmark date of September 5, 2023[1]:



The Court assumes Carnell placed his petition into the prison mail system on or before August 31, 2023, so that it would be timely under 28 U.S.C. § 2255(f), *Clay v. United States*, 537 U.S.

---

[1] To ensure Carnell's original filing is included in the record, the Court will attach it as an exhibit to this order.

522, 524-25 (2003) (where no petition for *certiorari* is filed, conviction becomes final when 90-period for petition expires), and the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988). This assumption appears reasonable as August 31, 2023, was the Thursday before the 2023 Labor Day holiday, and September 5, 2023, was the Tuesday immediately following the holiday. From the Court's experience, it believes prisons are thinly staffed around holidays, so Carnell's mail could conceivably have taken a number of days to reach the United States Post Office. If the Government challenges the Court's assumption, it may assert its objection in its response to the motion.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Ground 2.

## II.     Analysis

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019).

A § 2255 motion does not substitute for a direct appeal. Generally, a petitioner cannot

raise a claim for the first time in a § 2255 motion where he failed to raise it on direct appeal. *White v. United States*, 8 F.4th 547, 554 (7th Cir. 2021) (citing *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016)).   Nor can he raise in a § 2255 motion an issue he already raised on appeal.   A § 2255 motion is not a second chance where a direct appeal was unsuccessful.   A petitioner may only raise an issue in a § 2255 motion that he already raised on direct appeal if he can show changed circumstances.   *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

    A.    <u>Scope of Remand</u>

In the first part of Ground 2, Carnell claims that the Court erred, at the Government's inappropriate urging, by going beyond the scope of the remand—recalculation of relevant conduct—when it resentenced him.   Carnell already made this argument on direct appeal, and the Court of Appeals rejected it.   *United States v. Carnell*, 35 F.4th 1092, 1096 (7th Cir. 2022). On appeal, Carnell argued that the Court erred when it recalculated his criminal history category to add 4 points based on convictions that had been only pending charges at his original sentencing.   *Id.* at 1094-95.   The result was that his criminal history went from III to V.

The Court of Appeals rejected Carnell's challenge, noting that, in formulating an individualized sentence at a resentencing, the Court can consider intervening events—both good and bad—to change its original assessment of relevant sentencing factors.   *Id.* at 1095 (citing *United States v. Hopper*, 11 F.4th 561, 573 (7th Cir. 2021)).   The Court of Appeals concluded, "we thus find no error (plain or otherwise) in the district court's recalculation of Carnell's criminal-history category."   *Id.* at 1096.   There are no changed circumstances of fact or law that warrant reconsideration of the Court of Appeals' conclusion.   *Varela v. United States*, 481 F.3d

4

932, 935 (7th Cir. 2007); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

        B.      <u>Judicial Bias</u>

The second part of Ground 2 suggests that the Court was biased against Carnell as revealed by its "verbally attacking" him and that, as a consequence, he was deprived of a fair proceeding. It is true that due process requires an unbiased judge in a criminal proceeding, including at a sentencing where judges have substantial discretion. *Shannon v. United States*, 39 F.4th 868, 883 (7th Cir. 2022) (citing *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997)). Due process can also be violated when, even without actual judicial bias, "the *probability* of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Rippo v. Baker*, 580 U.S. 285, 287 (2017) (*per curiam*; emphasis added; internal quotations omitted).

This ground for § 2255 relief must be rejected because Carnell has not alleged any extrajudicial source of bias, and the transcript of Carnell's resentencing shows nothing that a reasonable person could conclude constituted a "verbal attack," even generously construing the phrase.[2] Nor was there any other indication on the record of malice or bias.

At the resentencing, the Court went through its standard questions about whether the defendant had received a copy of the presentence report ("PSR") and reviewed it with his counsel and whether, after that, he had any mistakes he wanted to change in the report to it. Tr. 2:25-3:7 (Doc. 201). The Court remarked, not as part of its standard sentencing process, on the notoriety of Carnell's first appeal for bringing about, and being part of, a change in the law. Tr.

---

[2] In an abundance of caution, the Court has also reviewed the transcripts of Carnell's guilty plea and his original sentencing. It finds no evidence of malice or bias by the Court.

5

3:13-25.  The Court noted that Carnell's criminal history calculation in the PSR went up because of intervening conviction.  Tr. 4:8-11.  It then made the relevant Sentencing Guideline findings that led to the advisory Guideline sentencing range.  Tr. 5:17-6:6.

During Carnell's allocution, the Court asked Carnell, "Why did you go off the rails after ten years [of sobriety]?" Tr. 12:13-14; corrected Carnell's description of his behavior by saying, "Well, the problem is you did more than use.  You committed crimes," Tr. 12:23-24, and confirmed that Carnell had said everything he wanted to say, Tr. 13:8.

It is true that in explaining why it was picking the sentence it did, the Court said this:

> Well, Mr. Carnell, you are before this Court again facing sentencing for your involvement in the distribution of methamphetamine.  You obtained significant quantities from more than one source and distributed it to others.  Your relevant conduct totalled over 2 kilograms, you've amassed a total criminal history points of 10, resulting in convictions for drug possession, possessing a stolen vehicle, stealing and possessing of marijuana, synthetic cannabinoid resulting in your Criminal History Category V now classification.  And, you know, even though that's not new, the offenses for which you got points, those offenses occurred before the points were established.  And had those been processed when I first sentenced you, you would have been a Criminal History Category V.  So, you know, criminal history is what it is.
> And, there are factors in aggravation.  In addition to the two convictions for which you received criminal history points, you had six convictions which did not impact the guideline calculations.  Included in these convictions are six counts of burglary involving vehicles and criminal trespass to a residence.  These convictions could be disregarded if you're—a Defendant's age at the time of the convictions were inclusive or were indicative of the type of behavior was something that you did as a youth, but you didn't outgrow this.  You have not outgrown the type of behavior, you incurred additional charges, some of which still remain pending.  You have been repeatedly arrested for breaking into vehicles and businesses and stealing personal property.  One offense involved between 100 and $200,000 of personal belongings.  Destruction of property accompanied these offenses.
> In mitigation, the Court acknowledges the fact that you didn't have a proper guidance as a child.  You lived in an orphanage for a few years, your parents had alcoholism and criminal conduct, you were later molested by an older brother.  And, the Court's taking all of that into consideration, but the fact remains when I look at the 3553(a) factors, the nature and circumstances of the

> offense and the history and characteristics of you as a Defendant, the need to protect the public from further crimes of you, the fact that previous sentences haven't deterred you from criminal conduct—And the Court acknowledges that you are an addict and acknowledges you need to get help and the Court is going to recommend the RDAP program. . . .   But, there still needs to be protection of the public, because when you are out on the street and you are using drugs, you are a danger.
> 	The Court, having considered all the information in the presentence report, including guideline computations and factors set forth in 18 U.S.C. 3553(a), pursuant to the Sentencing Reform Act of 1984, it would be the judgment of this Court that the Defendant, Scott A. Carnell, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 165 months. . . .

Tr. 13:10-15:14.

While that description of Carnell's history might have been painful for him to hear, it is accurate and is typical of District Judges' explanations of their considerations when they pick an individual defendant's sentence.   The Court's explanation was not a "verbal attack" and did not include any improper characterization of Carnell or anything malicious on the part of the Court. Nor does it display anything that could lead a reasonable observer to think there was any likelihood of bias, much less one rising to a level "too high to be constitutionally tolerable."   *See Rippo*, 580 U.S. at 287.

Indeed, if the Court had been actually biased against Carnell, or if the Court's impartiality might reasonably be questioned by an objective observer, the Court would have recused itself under 28 U.S.C. §§ 144 or 455 and would have transferred this case to another judge, as it has done in the past on occasion.   This is standard procedure where a judge feels he cannot be unbiased or where a reasonable observer would think the judge might be biased, where a judge has personal knowledge about the facts of a case, or where the judge has a conflict of interest. Robust recusal requirements help ensure no defendant is deprived of due process from a biased judge.

For these reasons, the Court rejects Ground 2 as a basis for § 2255 relief but will order the Government to respond to Ground 1.

### III.     Conclusion

The Court **ORDERS** the Government to file a response to Ground 1 of the petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered.   The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case. The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED:   February 8, 2024**

>                      s/ J. Phil Gilbert
>                      **J. PHIL GILBERT**
>                      **DISTRICT JUDGE**