IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT A. CARNELL, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    CIVIL NO. 23-cv-3198-JPG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM AND ORDER**

Before the Court is the Government's Motion for Order Authorizing Criminal Defense Attorney to Disclose Attorney/Client Communications (Doc. 11). Previously, in an order dated February 8, 2024 (Doc. 10), this Court found that petitioner's § 2255 motion raised allegations of ineffective assistance of counsel during the guilty plea and sentencing phases of his underlying criminal case and ordered the Government to respond. Those allegations relate to communications between petitioner and his attorney, advice given to petitioner by his attorney, and strategic decisions by his attorney. Petitioner was represented by CJA Panel Attorney Robert L. Elovitz.

In its motion, the Government requests an order permitting Attorney Elovitz to respond to Carnell's allegations in his § 2255 motion even if it involves disclosure of otherwise privileged information. In light of the Seventh Circuit's decision in *United States v. Evans*, 113 F.3d 1457 (7th Cir. 1997), the Government seeks an order from the Court specifically finding that petitioner's allegations have waived the otherwise applicable attorney-client privilege and authorizing counsel to respond as necessary. In *Evans*, the Seventh Circuit noted that the "most prudent course" for a defense attorney to take before disclosing confidential communications and other information—even if the attorney believed that a waiver of the privilege had clearly occurred—is to secure an administrative or judicial

determination that the disclosure would not violate the attorney client privilege. *Id.* at 1468.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716-17 (9th Cir. 2003); *see Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n. 1 (7th Cir.1995) ("We note that the attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation."). Petitioner has raised a claim of ineffective assistance of counsel and has therefore waived the attorney-client privilege with respect to the matters at issue in his claim. Accordingly, the Court **GRANTS** the Government's motion (Doc. 11) and **FINDS** that petitioner's allegations of ineffective assistance of counsel on the part of Attorney Elovitz operate as a waiver of the attorney-client privilege.

**IT IS FURTHER ORDERED** that Attorney Elovitz is authorized to disclose relevant information otherwise covered by the attorney-client privilege that addresses petitioner's allegations of ineffective assistance of counsel.

**IT IS SO ORDERED.**

**DATE:  February 20, 2024**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **United States District Judge**