UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT A. CARNELL,

   Petitioner,

      v.                                          Civil No. 23-cv-3198-JPG

UNITED STATES OF AMERICA,           Criminal No. 18-cr-40066-JPG

   Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Scott A. Carnell's motion for appointment of counsel (Doc. 18) to prepare a reply to the Government's response (Doc. 15) to his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

Whether to appoint an attorney to represent an indigent § 2255 petitioner is within the sound discretion of the district court. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). There is absolutely no right to appointment of counsel in a § 2255 case unless the absence of counsel would result in fundamental unfairness impinging on due process rights, *id.* (citing *La Clair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Counsel is required to be appointed only "'if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Winsett*, 130 F.3d at 281 (quoting *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept

appointments, provided an appointment is not made more than once during a 12-month period. SDIL-LR 83.1(i).

The Court declines to appoint counsel for Carnell in this case. He has already demonstrated in his motion the ability to understand relevant legal concepts, to recognize relevant facts, and to articulate his arguments. And Carnell seeks help in preparing a document that should consist mostly of facts of which he has personal knowledge—what his counsel told him before his guilty plea and sentencing—not complicated legal concepts. The Court is confident that Carnell will be able to reply to the Government's response and will be able to obtain justice without attorney assistance. Accordingly, the Court **DENIES** the motion (Doc. 18).

**IT IS SO ORDERED.**
**DATED:   June 13, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
